# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE DWAYNE PAYNE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:10-CV-1384 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition of Lonnie Dwayne Payne for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 and his application for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of petitioner's account statement indicates an average monthly deposit of $95.63, and an average monthly account balance of $34.69. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $19.13, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

## The Petition

Petitioner, an inmate at the Terre Haute Federal Correctional Institution, seeks a writ of error coram nobis.

The Court's records indicate that on December 6, 2002, petitioner was convicted of one count of possession with the intent to distribute in excess of five kilograms of cocaine (Count I), in violation of 21 U.S.C. § 846, and one count of being a felon in possession of a firearm (Count III), in violation of 18 U.S.C. § 922(g)(1). See United States v. Payne, No. 4:01-CR-476-CAS. On September 25, 2003, petitioner was sentenced to concurrent terms of imprisonment of 324 months and 120 months,

respectively, and a ten-year term of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed. United States v. Payne, 377 F.3d 811 (8th Cir. 2004). The United States Supreme Court granted petitioner's petition for writ of certiorari and vacated the judgment, remanding for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Payne v. United States, 543 U.S. 1112 (2005). On remand, the Eighth Circuit affirmed petitioner's conviction of both offenses and remanded to this Court for further consideration of the sentence in light of Booker. On April 21, 2005, petitioner was resentenced to the mandatory minimum sentence of 240 months and ten years of supervised release on Count I, and 120 months and two years of supervised release on Count III, to be served concurrently. Petitioner did not appeal the resentencing. On April 21, 2006, petitioner filed a 28 U.S.C. § 2255 motion for post-conviction relief. The motion was denied on the merits on May 15, 2008. Payne v. United States, No. 4:06-CV-673-CAS (E.D. Mo.).

**Discussion**

"A writ of error coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction. Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000)(internal citations and quotation marks omitted). Because a prisoner, such as petitioner, may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis, the instant petition will be denied.

Moreover, the Court will not liberally construe the petition as a 28 U.S.C. § 2255 motion for post-conviction relief, because, it would be successive and petitioner has not obtained certification

from the Eighth Circuit Court of Appeals.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 4]

**IT IS FURTHER ORDERED** that petitioner shall pay an initial partial filing fee of $19.13 within thirty (30) days from the date of this order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of error coram nobis is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 14th day of October, 2010.

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."